OPINION OF THE COURT
Anthony F. Shaheen, J.
The petitioners have commenced this CPLR article 78 pro *438 ceeding to compel the respondents to accept and approve their map and plan for a water pollution abatement (sewer) project. The respondents oppose such article 78 relief and raise several objections in point of law.
The facts herein are uncontroverted. Prior to commencing their water pollution abatement project in 1976, the petitioners attempted to file their map and plan with the respondent Department of Health in order to secure their approval as required by Village Law § 14-1400. The respondent refused to accept those documents or approve said plan, asserting that the authority for such approval had been transferred from the Department of Health to the Department of Environmental Conservation (DEC) when the Legislature enacted Laws of 1970 (ch 140). Accordingly, the petitioners filed their documents with the DEC and received the necessary approval from that agency.
Petitioners then adopted Local Law No. 1 to finance the construction of the sewer system; however, one Terry Skinner commenced an action to stop the construction alleging that the petitioners failed to properly file their plains with the Department of Health. The Fourth Department eventually nullified Local Law No. 1, stating in dicta that the law violated the filing requirements of Village Law § 14-1400. In June 1986, petitioners again tried to file their plans and map with the Department of Health, and passed Local Law No. 2 to finance the sewer system. The Department of Health again refused to accept said documents asserting that Laws of 1970 (ch 140) had transferred such filing requirement under the Village Law to the DEC. Again, Mr. Skinner brought an action against the petitioners to set aside Local Law No. 2 for failure to file and get the approval of the Department of Health. Having become repeatedly embroiled in lawsuits over these filing requirements, the petitioners have now brought this article 78 proceeding to compel the Department of Health to accept and approve their documents pursuant to Village Law § 14-1400. The Attorney-General, appearing on behalf of the respondents, has had an opportunity to be heard on this issue involving a conflict of statutes.
Initially, the court exercises its inherent power to convert this article 78 proceeding to an action for declaratory judgment, so as to grant the relief which is more appropriate based on the proof herein (CPLR 3017 [a]; see, Hartman v Whalen, 68 AD2d 466, 469). This action of the court is done without objection of the parties.
*439 Looking to the papers before the court and the statutes in question, the court finds that Laws of 1970 (ch 140) specifically transferred all authority once possessed by the Department of Health over water pollution control and the planning for collection, treatment and disposal of refuse to the DEC. Quite simply, the Department of Health no longer has authority to approve sewage systems or accept waste treatment plans as requested by the petitioners herein. The Legislature has clearly transferred these functions to the DEC in order to carry out the State’s explicit policy of advancing a quality environment on a coordinated basis (see, legis mem, 1970 McKinney’s Session Laws of NY, at 2841). The fact that the language of Village Law § 14-1400 still requires the approval of the Department of Health, appears to be the result of mere legislative oversight, since Village Law § 14-1400 clearly contravenes the Legislature’s stated intent to amalgamate all such activity under the auspices of the DEC.
Having converted this proceeding to a declaratory judgment action, the court now determines that the language of Village Law § 14-1400, which requires such filing and approval of the Department of Health, is mere surplusage and is without efficacy. As such, the petitioners are not required to file their map and plans for the project in question with the Department of Health, nor are they required to seek the approval of the Department prior to commencing this project. Likewise, the respondents are not required to accept said documents, nor are they required to approve said plans, since the DEC has already done so.